UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DORRIS WAYNE TRAVIS,

    Petitioner,

v.                                    Case No: 2:13-cv-359-Ftm-29UAM

SECRETARY, DOC and FLORIDA
ATTORNEY GENERAL,

    Respondents.
_____/

**<u>ORDER</u>**

This case is before the Court on Petitioner Dorris Wayne Travis' ("Petitioner's") "Renewed Motion for Summary Judgment, or Alternative Motion to Remand to State Court" (Doc. 18, filed October 9, 2013). The Court will construe the motion as made pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, and as seeking reconsideration of this Court's September 17, 2013 order denying Petitioner's motion for summary judgment (Doc. 17).[1] For the reasons set forth in this Order, Petitioner's

---

[1] Rule 59(e) provides for motions to alter or amend final judgments and mandates that such motions "must be filed no later than 28 days after entry of the judgment." Fed. R. Civ. P. 59(e). Petitioner filed the instant motion within the twenty-eight days allowed for a Rule 59(e) motion. See Mahone v. Ray, 326 F.3d 1176, 1177-78 (11th Cir. 2003) (confirming the propriety of distinguishing Rule 59(e) motions from Rule 60(b) motions based on whether the motion was filed inside the Rule 59(e) filing period).

motion for reconsideration is **DENIED**.  In addition, the Court will not "remand" this case to state court.

The decision to grant a motion for reconsideration is within the sound discretion of the trial court and will only be granted to correct an abuse of discretion. Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 806 (11th Cir. 1993).  There are three bases for reconsidering an order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994) (citations omitted); see also Lamar Adver. of Mobile, Inc. v. City of Lakeland, 189 F.R.D. 480, 489 (M.D. Fla. 1999).

Furthermore, a motion for reconsideration does not provide an opportunity to simply reargue, or argue for the first time, an issue the Court has once determined.  Court opinions are "not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." Quaker Alloy Casting Co. v. Gulfco Indus., Inc., 123 F.R.D. 282, 288 (N.D. Ill. 1988).  The reconsideration of a previous order is an "extraordinary remedy" and "must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Ludwig v. Liberty Mutual Fire Ins. Co., Case

No. 8:03-cv-2378-T-17-MAP, 2005 WL 1053691 at *3 (M.D. Fla. Mar. 30, 2005) (citing Lamar, 189 F.R.D. at 489).

The Court has reviewed Petitioner's motion and determines that it is without merit. Petitioner has not identified new evidence, pointed to a change in controlling law, or shown that reconsideration is needed to correct clear error or prevent manifest injustice. Rather, Petitioner simply disagrees with the Court's conclusion that summary judgment is improper in a 28 U.S.C. § 2254 proceeding.

Remand of a case from federal to state court is proper in specific circumstances: (1) a court has discretion to remand state law claims that were removed along with one or more federal question claims; (2) a court must act on a motion to remand based on a defect in the removal procedure; and (3) a court must remand a case over which it has no subject matter jurisdiction. Buchner v. Fed. Dep. Ins. Co., 981 F.2d 816, 819 (5th Cir. 1993) (citing 28 U.S.C. §§ 1441(c) and 1447(c)). This case was not removed to federal court from state court. Moreover, Petitioner specifically raised this claim under 28 U.S.C. § 2254 which grants federal jurisdiction on habeas petitions. Accordingly, there are no grounds upon which to "remand" this case to state court. To the extent Petitioner seeks a stay of this case so that he may seek resolution of

3

additional claims in state court, he must seek such by separate motion.

**DONE** and **ORDERED** in Fort Myers, Florida, this ___11th___ day of October, 2013.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE


SA: OrlP-4  10/9/13
Copies to: All parties of record